# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

MINNIE QUINN                                                      PLAINTIFF

V.                                                        NO. 1:11CV132-A-S

FLOYD MCGEE, et al.                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. The Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

### Subject Matter Jurisdiction

Pursuant to the federal rules of civil procedure, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3). Of course, at any time the court may of its own volition examine potentially deficient subject matter jurisdiction. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states ..." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Diversity must be complete; that no plaintiff and defendant are citizens of the same state. 28 U.S.C. § 1332. *See Stawbridge v. Curtiss*, 3 Cranch 267, 2 L. Ed. 435 (1806). A court cannot exercise diversity jurisdiction if the plaintiff shares the same citizenship as any one of the defendants. *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Diversity of citizenship is determined at the time the action is commenced and subsequent changes in citizenship

will have no affect on jurisdiction. *Dole Food Co. v. Patrickson*, 123 S. Ct. 1655, 1662, 155 L. Ed. 2d 643 (2003); *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988); *Wright v. Combined Ins. Co. of America*, 959 F. Supp. 359, 361 (N.D. Miss 1997).

Of course, the burden of pleading the citizenship of each party is on the party seeking to invoke federal jurisdiction. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Identifying a party's domicile is determined in accordance with federal common law. Wright, Miller & Cooper, *Federal Practice & Procedure* § 3612 (1984). An individual's citizenship is determined by reference to that person's domicile. *Gilbert v. David*, 235 U.S. 561, 569-70, 35 S. Ct. 164, 166-67, 59 L. Ed. 360 (1915). A person's domicile is the place of "his true, fixed, and permanent home and principle establishment, and to which he has the intention of returning whenever he is absent therefrom." *Mas*, 489 F.2d at 1399 (citations omitted). "[I]t is assumed that a person's current residence is also his domicile." Wright, Miller & Cooper, *Federal Practice & Procedure* § 3612 (1984). Once established, a person's domicile continues until changed. A change in domicile may result when a person (a) takes up residence in a new state with (b) the intention to remain there. *Id.* (Mas did not lose her status as a U.S. citizen by marrying a foreign man. Nor did her domicile change by virtue of having attended college in another state).

Based on the pleadings, the Plaintiff is a resident of Pheba, Mississippi located in Clay County. The Plaintiff names as Defendants two men but fails to provide an address. Based on the deficient pleadings, the men are likely also residents of Clay County.

As noted above, diversity jurisdiction requires an amount in controversy in excess of $75,000 *and* that there is complete diversity among the parties. The Plaintiff has failed to plead facts regarding damages. Even if the court assumes that the amount in controversy has been satisfied, diversity is lacking.

The Plaintiff has failed to plead facts from which the court may appropriately exercise diversity jurisdiction. As a result, the court lacks subject matter jurisdiction and the matter shall be

2

dismissed. Fed. R. Civ. P. 12(h)(3); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

## Federal Question Jurisdiction

Alternatively, this matter could also be dismissed for absence of a federal question. It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

It is dubious that the Constitution has been implicated by the facts of this case. Rather, the Plaintiff appears to be simply airing her grievances about sewage in her yard. The complaint is devoid of any arguable legal theory that would confer federal question jurisdiction. If Plaintiff has stated any claim at all, it would be purely based on state tort law. Consequently, the Plaintiff's complaint may be dismissed for failing to present any federal question.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of May, 2012.

   /s/ Sharion Aycock  
   **U.S. DISTRICT JUDGE**